[No. 3792–4–III.   Division Three.   February 5, 1981.]

GENERAL INSURANCE COMPANY OF AMERICA, *Respondent,* v. EDWARD J. CHOPOT, *Appellant.*

*Joseph P. Delay* and *Delay, Curran & Boling,* for appellant.

*Kenneth Kato* and *Huppin, Ewing, Anderson & Hergert,* for respondent.

MUNSON, J.—Edward Chopot appeals a summary judgment in favor of General Insurance Company of America. We affirm.

Chopot was insured by General Insurance Company (General) in July 1975. Chopot has been sued in two federal court actions concerning wrongful videotaping of motion picture and television works and their eventual distribution for profit in the Fiji Islands. Chopot tendered defense of the federal actions to General, which undertook to defend Chopot under a reservation of rights to cease defending. General brought a declaratory judgment action in Spokane County Superior Court to determine whether it owed Chopot a duty to defend. On cross motions for summary judgment, the Superior Court found in favor of General and against Chopot. This appeal ensued.

The insurance policy provided three types of coverage: blanket liability, comprehensive personal insurance, and personal injury liability. Definitions of terms were common to the three types of coverage. Under the first two types of coverage the insurance company was obligated to pay for

the defense of any action where the insured became obligated to pay damages due to "bodily injury" or "property damage" caused by an "occurrence."[1] The policy defines "property damage" as:

(a) physical injury to or destruction of *tangible* property which occurs during the policy period, including the loss of use thereof at any time relating therefrom, or (b) loss of use of *tangible* property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period; . . ."

(Italics ours.)

The policy defines "occurrence" as "an event including continuous or repeated exposure to conditions, which results in bodily injury or property damage . . ." The personal injury liability section (Coverage P) covers "damages because of injury (herein called 'personal injury')" resulting from the following offenses committed in the course of business:

[T]he publication or utterance of a libel or slander . . . or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the named insured;

"Personal injury" is not otherwise defined.

General argues the federal lawsuits have not alleged that Chopot damaged any *tangible* property, defamed anyone or invaded anyone's privacy. We agree.

■■ On reviewing summary judgment, this court must determine whether there is any issue of material fact which the nonmoving party might prove, which would entitle it to relief. *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7

---

[1]The text of the policy states the insurance company must "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence. The company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, . . ."

(1974). General's duty to defend is dependent entirely upon the allegations contained in the complaint against Chopot. *Holland America Ins. Co. v. National Indem. Co.,* 75 Wn.2d 909, 911, 454 P.2d 383 (1969); *Farmers Home Mut. Ins. Co. v. Insurance Co. of N. America,* 10 Wn. App 815, 818, 583 P.2d 644, *cert. denied,* 442 U.S. 942, 61 L. Ed. 2d 312, 99 S. Ct. 2885 (1978). The complaint was before the court; therefore, summary judgment was appropriate.

■ It must be determined whether the terms of the policy between Chopot and General contemplated defense of actions related to copyright infringement. Where insurance agreements are ambiguous, they should be construed to favor the insured; but where clear, the intention of the parties controls. *Dickson v. United States Fidelity & Guar. Co.,* 77 Wn.2d 785, 466 P.2d 515 (1970); *Aetna Ins. Co. v. Kent,* 12 Wn. App. 442, 530 P.2d 672, *rev'd on other grounds,* 85 Wn.2d 942, 540 P.2d 1383 (1975).

■ Copyrights are generally defined as intangible property. *Security–First Nat'l Bank v. Republic Pictures Corp.,* 97 F. Supp. 360 (S.D. Cal. 1951), *rev'd on other grounds,* 197 F.2d 767 (9th Cir. 1952); *Stuff v. La Budde Feed & Grain Co.,* 42 F. Supp. 493 (E.D. Wis. 1941). General is under no duty to defend an action alleging damage to intangible property under the blanket liability or comprehensive personal insurance provisions. *See Yakima Cement Prods. Co. v. Great Am. Ins. Co.,* 93 Wn.2d 210, 219, 608 P.2d 254 (1980).

Finally, the "personal injury" coverage is limited to three groups of specific conduct, including defamation and invasion of privacy. None of the named conduct is asserted against Chopot in the federal court lawsuits, and the definition of "personal injury" is limited to the enumerated conduct under the doctrine of ejusdem generis. *State v. Thompson,* 38 Wn.2d 774, 232 P.2d 87 (1951).

Affirmed.

ROE, A.C.J., and GREEN, J., concur.