[No. 11574–0–I.   Division One.   May 14, 1984.]

W. A. PATTERSON, ET AL, *Appellants,* v. THE
CITY OF BELLEVUE, *Respondent.*

536

*Taylor & Bryan* and *James P. Wagner,* for appellants.

*Anne McDonald* and *David C. Lycette,* for respondent.

CORBETT, A.C.J.—Plaintiffs, W. A. Patterson and Sharon C. Patterson, appeal from an order of summary judgment which dismissed their action against defendant, the City of Bellevue, for water damage to real property. We affirm.

Plaintiffs reside in a residential development in the City of Bellevue. Their residence is located alongside the west tributary of Kelsey Creek. This creek is a natural waterway and a natural receptor of runoff within the Kelsey Creek Basin. Seven residential developments upstream from the plaintiffs' property are within the same drainage basin. Their runoff flows into Kelsey Creek.

An affidavit of Bruce J. Dodds, a civil engineer, was filed by the plaintiffs in response to the City's motion for summary judgment. Mr. Dodds analyzed the effect of development within the Kelsey Creek Basin and the storm drainage system approved by the City in that watershed. He concluded that the approved drainage system had increased the water flow through the creek by a minimum of 33 percent. In his expert opinion, the upstream development increased the rate of flow beyond the natural capacity of the stream.

It is upon this showing that the plaintiffs seek to recover damages allegedly arising from interference with the natural flow of Kelsey Creek. They cite a 1974 Bellevue ordinance which established a storm and surface water utility and adopted a plan for using natural streams, lakes, and wetlands within the City as a means to control and store surface and groundwaters. Plaintiffs argue that this ordi-

nance manifests assumption by the City of a duty to control erosion stemming from land development and use of natural waterways as means of storm water conveyance.

In order to recover in negligence against a municipal government, the plaintiffs must prove the existence of a specific duty owed to them. A duty owed to the general public will not suffice. *J & B Dev. Co. v. King Cy.*, 100 Wn.2d 299, 304, 669 P.2d 468 (1983); *Georges v. Tudor*, 16 Wn. App. 407, 409, 556 P.2d 564 (1976). The general purpose of the ordinance in question is to establish a public utility, not to insure downstream owners against water damage. Adoption of the ordinance did not create a special duty to the plaintiffs to keep them free from water damage.

The City does owe riparian landowners a common law duty of care not to increase the flow of water through a natural drainway beyond the capacity of the waterway in its natural condition. *Strickland v. Seattle*, 62 Wn.2d 912, 915, 385 P.2d 33 (1963); *Laurelon Terrace, Inc. v. Seattle*, 40 Wn.2d 883, 893, 246 P.2d 1113 (1952). A violation of this duty can result in a taking by inverse condemnation. On the other hand, an upland owner may hasten the flow of surface waters draining into a natural watercourse provided it does not increase the quantity of water naturally reaching the lowland owner. *Trigg v. Timmerman*, 90 Wash. 678, 681–82, 156 P. 846 (1916). The affidavit of plaintiffs' civil engineer, Mr. Dodds, does not assert that the quantity of water reaching the plaintiffs' property has been increased. Instead, he asserts an increased rate of flow. The City is not liable if it did not disturb the natural drainage of the area and no new water is collected or diverted into the drainway. *Baldwin v. Overland Park*, 205 Kan. 1, 468 P.2d 168, 172 (1970).

As a general rule, a municipality is also not liable for increased flow of surface water caused by the opening of streets, building of houses, and other private development. *Wilber Dev. Corp. v. Les Rowland Constr., Inc.*, 83 Wn.2d 871, 874, 523 P.2d 186 (1974). *Contra, Columbus v. Myszka*, 246 Ga. 571, 272 S.E.2d 302, 304 (1980). Whenever

there is development within a city, the area for natural percolation of water is diminished, and the flow of surface water is modified. Where rapid growth has occurred, the resultant problem has its solution in "concerted political action rather than in the courts." *Baldwin v. Overland Park,* 205 Kan. at 8.

Reviewing the material that was before the trial court in the light most favorable to the plaintiffs, *Goodpaster v. Pfizer, Inc.,* 35 Wn. App. 199, 203, 665 P.2d 414 (1983), we find no issue of material fact which if proved by the plaintiffs would entitle them to relief. *General Ins. Co. of Am. v. Chopot,* 28 Wn. App. 383, 385, 623 P.2d 730 (1981). The plaintiffs asserted no affirmative conduct on the part of the City which breached a special duty owed to them. Similarly, the record contains nothing beyond the bare assertion that the City "approved" the drainage system utilized in the Kelsey Creek Basin. The plaintiffs failed to document whether and to what extent the City negligently permitted, approved, accepted, or maintained the upstream private development which is the claimed source of their injury. Conclusory allegations are insufficient to preclude an order of summary judgment. *Turngren v. King Cy.,* 33 Wn. App. 78, 84, 649 P.2d 153 (1982). Based upon the record that was before the trial court, the City was entitled to judgment as a matter of law.

Affirmed.

SCHOLFIELD, J., and SODERLAND, J. Pro Tem., concur.

Review denied by Supreme Court August 10, 1984.