[No. 7436-6-III.   Division Three.   October 21, 1986.]

JOHN T. KIRKLAND, ET AL, *Respondents,* v. THE
DEPARTMENT OF REVENUE, *Petitioner.*

*Kenneth O. Eikenberry, Attorney General,* and *Maureen A. Hart, Assistant,* for petitioner.

*Robert E. Kovacevich,* for respondents.

McInturff, J.—The Department of Revenue was granted discretionary review of the Superior Court's order denying its motion for summary judgment. We reverse.

The Department assessed excise taxes under RCW 82.08.050 against John Kirkland, d/b/a Kirkland Construction (Kirkland). At least part of the tax was imposed because Kirkland failed to collect tax from other persons, although the tax was initially borne by these third parties. The tax assessed was $16,108.55 for the period between January 1, 1971 and October 1, 1975. Kirkland did not appeal the excise tax assessment, although three notices of his right to appeal before payment were mailed to him. On

December 21, 1976, a tax warrant was issued against Kirkland by the Department for $19,293.29 for taxes, interest and penalties.

In the early 1970's Kirkland entered into construction contracts with the owners of Holiday Hills and Spokane Raceway Park, Inc. In the Holiday Hills contract, Kirkland was the subcontractor. Kirkland claims that Charles Williams, the owner of Holiday Hills, told the Department auditor he would pay the tax if it had not been paid. Kirkland claims that if Holiday Hills did pay the tax, then his account should have been credited for the payment. In the contract with Spokane Raceway, Kirkland claims tax payments were made to the Department by Spokane Raceway, which also should have been credited to Kirkland's account.

A payment of $7,381.25 made by Kirkland on March 27, 1978, was obtained by serving a notice and order to withhold and deliver on Kirkland's bank account. Further, from January 1985 through June 1985, $5,500 in lease payments was received by the Department from Kirkland's commercial lessees. At the time of the hearing on the summary judgment motion, the Department said the balance owing on the warrant was $22,707.45 through August 21, 1985.

## A
### MATERIAL ISSUE OF FACT

First, the Department contends summary judgment should have been granted because there was no material issue of fact as to whether Kirkland had paid the assessment in full, and therefore Kirkland failed to properly challenge his tax assessment.

The appellate court, in reviewing summary judgments, engages in the same inquiry as the trial court. *Highline Sch. Dist. 401 v. Port of Seattle,* 87 Wn.2d 6, 15, 548 P.2d 1085 (1976). A summary judgment as a matter of law should be rendered forthwith if the pleadings, depositions, and affidavits show no genuine issue as to any material fact. CR 56(c).

The Department moved for summary judgment, con-

tending that the legal remedy available to the taxpayer to contest an excise tax assessment is a refund action. RCW 82.32.150. That statute provides: "All taxes, penalties, and interest shall be paid in full before any action may be instituted in any court to contest all or any part of such taxes, penalties, or interest."

In *Morrison–Knudsen Co. v. Department of Rev.*, 6 Wn. App. 306, 308, 493 P.2d 802 (1972), the court stated that RCW 82.32.150 requires a taxpayer to deposit with the Department the amount of the tax assessment in order to challenge the assessment. The taxpayer's challenge was that the tax properly should have been imposed on the buyer (Department of Highways) under the construction contract in which the taxpayer was the seller. *Morrison–Knudsen*, at 307, 314. Since Department of Highways had not paid the tax, the taxpayer was required to pay it to have standing to challenge the assessment in superior court. *Morrison–Knudsen*, at 308.

No other cases were found which interpret RCW 82.32-.150 to require payment before an action can be maintained to challenge the assessment. However, since the statute states prepayment is required before an assessment may be challenged, we must so hold.

This court must decide if the Department met its burden to show there was no material issue of fact as to whether Kirkland had fully paid the tax assessment, entitling the Department to judgment as a matter of law.

Kirkland failed to exercise his administrative remedy to challenge the tax assessment before payment. Although given three notices of his right to challenge the assessment, Kirkland did not. For the purposes of this action, the amount of the tax assessment is an established fact determined by the amended tax assessment of $16,108.55 issued September 23, 1976. Therefore, Kirkland's only remedy is to challenge the assessment in a refund action under RCW 82.32.150. *See Morrison–Knudsen.*

The Department has introduced an affidavit, supported by a copy of the initial $16,108.55 assessment. After credits

for payments made by Kirkland ($7,381.25 on March 27, 1978, and $5,500 in lease payments received by the Department from Kirkland's lessees), the Department claims $22,707.45, including penalties and interest, was owed as of the trial court's ruling on summary judgment. Thus, the Department has met its initial burden of showing the tax was not fully paid by Kirkland.

■ Since the State has met its initial burden, the next inquiry is whether Kirkland has responded with more than conclusory allegations of the existence of an unresolved factual matter. *Patterson v. Bellevue*, 37 Wn. App. 535, 538, 681 P.2d 266 (1984). In the record before the Superior Court, Kirkland alleged Spokane Raceway paid part of the tax and Holiday Hills may have paid part of the tax assessed against Kirkland, and that those payments would amount to over one–half of the initial $16,108.55. These allegations were not supported by affidavits from Holiday Hills or Spokane Raceway, nor was there any other evidence of actual payment by these entities in the record. Further, in oral argument, Kirkland's counsel indicated the entities were still in existence, so presumably it was possible for Kirkland to obtain affidavits from them. Absent proof of payments by other parties, the only payments in the record are those conceded by the Department. Those payments of $7,381.25 and $5,500 were credited to Kirkland's account in computing the $22,707.45 the Department claims Kirkland still owes. Kirkland's conclusory allegations of full payment are without legal significance, and thus fail to raise a material issue of fact.

B

DUE PROCESS

The Department also contends summary judgment should have been granted because Kirkland's procedural due process challenge to RCW 82.32.210 is without merit as a matter of law.

RCW 82.32.210 provides that the filing of a tax warrant for delinquent tax assessments operates as a specific lien on

a taxpayer's business personalty and also a lien equivalent to a judgment in a civil case on the taxpayer's realty and nonbusiness personalty. The statute does not provide for any notice to the taxpayer before the tax warrant is filed. Although Kirkland received notice of the tax assessment, he did not receive notice before the tax warrant was filed, which resulted in a lien against his property.

In *Peters v. Sjoholm,* 95 Wn.2d 871, 877, 631 P.2d 937 (1981), *appeal dismissed, cert. denied,* 455 U.S. 914 (1982), the court upheld RCW 82.32.210 against a due process challenge. Peters claimed the filing of the warrants creating liens on his property violated due process since, although he was given notice of the tax assessments, he was not notified before the tax warrant was filed. The court held the summary method of collection does not violate due process if at some point during the procedure the taxpayer is given notice and has an opportunity to be heard, and if the procedure established by existing law is substantially followed in assessment and collection. *Peters,* at 877. The court found that due process was satisfied in the *Peters* case because the procedures under RCW 82.32 were followed: Peters received notice of the tax assessed against him and was afforded an administrative hearing on his tax liability. Further, Peters had the opportunity to challenge the tax assessment after it was paid, either by applying for a refund through the administrative process or appealing to the Superior Court for Thurston County for a refund. The court held that in the area of tax collection, it is constitutional to postpone the opportunity for a hearing until after the payment of the delinquent taxes.

One distinguishing factor between *Peters* and the instant case is that *Peters* involved levy on a bank account, while this case involves levy on real property. Kirkland argued that a hearing following payment would not be adequate; because he could not pay the tax, he could not prevent his property from being sold. Following the sale, Kirkland argues, even if a tax refund action was successful, it would not restore his unique land to him, unlike the

repayment of cash in *Peters,* so he was without an adequate remedy. However, since the warrant simply created the lien and execution on the warrant was required to sell the taxpayer's property, this argument is not persuasive. Notice and opportunity to be heard, as well as a statutory redemption period, would be further due process protections in the event Kirkland's property was sold under RCW 6.24.

Second, *Peters* can be distinguished because Peters did not allege his tax had been paid either by himself or a third party, as Kirkland did. However, since Kirkland failed to offer any competent proof of actual payment by third parties, we need not address this issue.

## C
### INJUNCTIVE RELIEF

Next, the Department claims summary judgment should have been granted in its favor regarding Kirkland's request for injunctive relief.

RCW 82.32.150, which provides the remedy of a refund suit to the taxpayer, also limits the court's equitable power to issue injunctions. It reads in part:

> No restraining order or injunction shall be granted or issued by any court or judge to restrain or enjoin the collection of any tax or penalty or any part thereof, except upon the ground that the assessment thereof was in violation of the Constitution of the United States or that of the state.

■ In *Tyler Pipe Indus. v. Department of Rev.,* 96 Wn.2d 785, 638 P.2d 1213 (1982) the court construed the requirements for injunctive relief in a claim of a constitutional violation. Three equitable criteria must be satisfied to obtain an injunction. They are: (1) that the plaintiff has a clear legal or equitable right, (2) that he has a well grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him. *Tyler Pipe,* at 792 (quoting *Port of Seattle v. International Longshoremen's Union,* 52 Wn.2d 317, 319, 324 P.2d 1099 (1958)).

To determine if there was a clear legal or equitable right, the court in *Tyler Pipe* examined the likelihood of that party ultimately prevailing on the merits of the constitutional claim.

The second element, well grounded fear of invasion, was agreed to exist by both parties, so the *Tyler Pipe* court did not discuss it. The third element, actual and substantial injury, was not shown in *Tyler Pipe*. The court said it appeared that Tyler Pipe's injury was simply that it would have to pay the tax if the injunction was not granted and would only receive 3 percent interest if it should later prevail in a refund action. *Tyler Pipe,* at 794. The court said Tyler Pipe had not proved actual and substantial harm, so it was reduced to arguing any dollars lost constituted actual and substantial harm regardless of its impact; that this was not a sufficient showing to justify the extraordinary equitable remedy of an injunction. *Tyler Pipe,* at 796.

The last step in the *Tyler Pipe* analysis is to consider the above three criteria in light of equitable facts by weighing society's interest in efficient tax collection against the taxpayer's harm. *Tyler Pipe,* at 796. Here, Kirkland argues the Department should be enjoined under the statutory exception for constitutional violations, because he has a clear legal or equitable right to have due process notice before his real property is levied upon, particularly in view of his claim of payment. Again, because Kirkland has failed to raise a material issue of fact regarding full payment of the tax, the claim is without merit.

Kirkland has failed to show a clear legal or equitable right, so we need not examine the second and third criteria. Further, since Kirkland has not satisfied all three equitable criteria for an injunction, we do not reach the final step of balancing society's interest in efficient tax collection against the possible harm to the taxpayer. It is clear the trial court could not conclude an injunction was merited here in view of the stated social interest in efficient tax collection. *Tyler Pipe,* at 789.

The Superior Court denial of summary judgment to the Department is reversed.

GREEN, C.J., and THOMPSON, J., concur.