[Nos. 21066–1–I; 21067–0–I.   Division One.   December 19, 1988.]

NORTHWEST FARM BUREAU INSURANCE COMPANY, *Respondent*, v. EDWARD H. ROBERTS, ET AL, *Appellants*.

*David Lee Halinen, James A. Gauthier, Theresa A. Schrempp, Sonkin & Klein, Henry W. Grenley,* and *Mullavey, Prout, Grenley, Sonkin, Foe & Lawless,* for appellant Edward H. Roberts.

*Carolyn Cairns,* for appellant Dorothy Roberts.

*William J. Bender, Skellenger & Bender,* and *Mary Lynn Greiner,* for appellant Feminist Women's Health Center.

*Michael R. McKinstry* and *Sherrard, McGonagle & McKinstry,* for appellants Undseth and Codispoti.

*Thomas S. Olmstead,* for appellants Beseda.

*Joseph Moore, Kenneth D. Vanderhoef,* and *Geraghty, Vanderhoef & Harmon,* pro se.

*Ronald Clayton Gardner* and *Lee, Smart, Cook, Martin & Patterson,* for appellants Hulbert.

*John Allen Hackett* and *Hackett, Beecher, Hart, Branom & Vavrichek,* for appellants Love.

*Stephen H. Good* and *Kafer, Good, St. Mary & Mitchell,* for appellants Women Exploited by Abortion, et al.

*David F. Hiscock* and *Keller Rohrback,* for respondent.

WILLIAMS, J.—This action was brought by Northwest Farm Bureau Insurance Company for declaration that its homeowners policy issued to Edward and Dorothy Roberts, two of several defendants in Feminist Women's Health Center v. Roberts, cause C86–161 (Feb. 11, 1986), United States District Court for the Western District of Washington, did not require it to defend or indemnify the Roberts because all the acts alleged in the federal complaint were intentional. The policy issued to the Roberts specifically excludes defense and indemnification for intentional acts. Northwest was granted summary judgment. The Roberts and Feminist Women's Health Center appeal.

The rule is that:

> The duty of an insurer to defend an action brought against a policyholder arises when the complaint is filed and the allegations of the complaint could, if proven, impose liability upon the insured within the coverage of the policy. *Seaboard Sur. Co. v. Ralph Williams' Northwest Chrysler Plymouth, Inc.,* 81 Wn.2d 740, 504 P.2d 1139 (1973); *Holland Am. Ins. Co. v. National Indem. Co.,* 75 Wn.2d 909, 454 P.2d 383 (1969); *Briscoe v. Travelers Indem. Co.,* 18 Wn. App. 662, 571 P.2d 226 (1977).

*E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.,* 106 Wn.2d 901, 908, 726 P.2d 439 (1986).

Primarily, the federal lawsuit consists of allegations of a conspiracy to perform intentional acts, some of them causing damage to property for which each conspirator is jointly and severally liable. 42 U.S.C. § 1985(3). *See also Sears v. International Bhd. of Teamsters, Local 524,* 8 Wn.2d 447, 112 P.2d 850 (1941). Two allegations in the federal complaint are based on negligence rather than intentional conduct.

The first is:

> Defendants, by performing the above described acts, have neglected or refused to prevent acts in furtherance of a conspiracy prohibited by 42 U.S.C. § 1985, in violation of 42 U.S.C. § 1986.

Complaint 16. That statute provides in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, *neglects* or refuses so to do, if such wrongful act be committed, shall be liable to the party injured,
> . . .

(Italics ours.) 42 U.S.C. § 1986.

If the Roberts are found by the federal trier of fact not to have been part of the conspiracy, but had the power to prevent the alleged wrongs and neglected to do so, they would be personally liable. In such event, Northwest would have the duty to defend and indemnify claims covered by the policy caused by such negligence. Damage to property is included within the liability protection of the policy.

■ The second allegation, in part, is that:

> Defendants, by performing the above described actions, have committed the state law torts of business interference, intentional infliction of emotional distress, *negligent infliction of emotional distress,* assault, and outrage.

(Italics ours.) Complaint 18.[1] The question is whether the "bodily injury" provision of the Northwest policy covers *negligent* infliction of emotional distress. The Northwest policy defines bodily injury as follows: "[b]odily injury means physical harm, sickness or disease to a person. Such injury includes required care, loss of services, and death that may result." In *E–Z Loader Boat Trailers, Inc. v. Travelers Indem. Co., supra,* when construing a policy containing similar language, the court decided:

> The coverage contemplated actual bodily injury, sickness or disease resulting in physical impairment, as contrasted to mental impairment. Under the Travelers policy the terms "sickness" and "disease" are modified by the word "bodily". Mental anguish and illness, and emotional distress are not covered by the express terms of the Travelers policy. The policy cannot be stretched to the point where it would cover such problems. *Grange Ins. Ass'n v. Hubbard,* 35 Wn. App. 407, 667 P.2d 121, *review denied,* 100 Wn.2d 1023 (1983); *General Ins. Co. of Am. v. Chopot,* 28 Wn. App. 383, 623 P.2d 730 (1981).

*E–Z Loader,* at 908. Accordingly, that allegation of the complaint is not within the policy protection.

The summary judgment is affirmed except for coverage for negligently caused damage to property under 42 U.S.C. § 1986 if it is found that the Roberts were not part of the conspiracy.

SCHOLFIELD, C.J., and SWANSON, J., concur.

Reconsideration denied March 31, 1989.

---

[1]Assault is an intentional act. RCW 9A.36.010 *et seq.* Outrage requires intentional or reckless acts. *Marsh v. General Adj. Bur., Inc.,* 22 Wn. App. 933, 937, 592 P.2d 676 (1979).