[No. 11421-0-III. Division Three. July 28, 1992.]

BRUCE BOSLEY, ET AL, *Appellants,* v. AMERICAN MOTORISTS INSURANCE COMPANY, *Respondent.*

---

[2]The definition of "person" includes "partnership". RCW 7.24.130.

*John A. Maxwell, Walter G. Meyer,* and *Meyer, Fluegge & Tenney,* for appellants.

*David F. Hiscock,* for respondent.

SHIELDS, C.J. — Bruce and Laurie K. Bosley brought this action to determine whether American Motorists Insurance Company was required to defend them jointly and separately in a property damage lawsuit. The American policy issued to the Bosleys specifically excludes coverage of intentional property damage. The trial court held on cross motions for summary judgment American only had a duty to defend Mrs. Bosley separately, because there were no allegations she acted intentionally, and awarded her attorney fees for American's breach of its duty to her. We affirm the trial court's decision American had no duty to defend the Bosleys or Mr. Bosley separately, and reverse the decision American had a duty to defend Mrs. Bosley separately.

On January 4, 1988, Cowiche Canyon Conservancy, a Washington nonprofit corporation, and Shields Bag & Printing Company sued the Bosleys. The complaint alleged Mr. Bosley "damaged and removed, and caused to be damaged and removed three (3) railroad trestle bridges", entitling them to damages for trespass, for trover and conversion, and for a violation of the Shoreline Management Act of 1971 (SMA), RCW 90.58. The complaint was later amended to add the Department of Ecology as a plaintiff. The Bosleys tendered the defense of the suit to American, their homeowners insurance carrier. After investigation, American denied the tender and any duty to defend because the complaint alleged intentional property damage which was excluded under the policy. The Bosleys undertook their own defense, prevailed and were awarded costs, expenses and attorney fees. When the plaintiffs appealed directly to the Washington Supreme Court, the Bosleys tendered defense of the appeal to American, which again refused to defend them. The Supreme Court affirmed, and awarded the Bosleys their costs and fees on appeal. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 828 P.2d 549 (1992).

Meanwhile, in June 1990, the Bosleys commenced this action against American for their attorney fees in defending the underlying action, alleging American's breach of duty under the homeowner's policy to defend them. Although the

issue of attorney fees in the underlying action is moot, the Bosleys also sought attorney fees for bringing this action against American. Both parties filed motions for summary judgment. The trial court determined American had no duty to defend the Bosleys jointly or Mr. Bosley separately, but did have a duty to defend Mrs. Bosley separately; it awarded her $2,000 in attorney fees as damages for American's breach of its duty to defend her separately and $800 for bringing this action to establish that duty. The Bosleys appeal the determination regarding them jointly and Mr. Bosley separately, and the amount of Mrs. Bosley's award. American cross-appeals the determination regarding Mrs. Bosley separately.

The issue before us is whether American had a duty to defend the Bosleys jointly or either of them separately in the underlying lawsuit.

### STANDARD OF REVIEW

■ In reviewing an order of summary judgment, an appellate court engages in the same inquiry as the trial court; it considers the facts in the light most favorable to the non-moving party and grants the motion as a matter of law only if reasonable persons could reach but one conclusion. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 394, 823 P.2d 499 (1992); *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990).

### DUTY TO DEFEND

The duty of an insurer to defend an action brought against an insured policyholder arises when the complaint is filed and the allegations of the complaint could, if proved, impose liability upon the insured within the coverage of the policy. *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 908, 726 P.2d 439 (1986); *Briscoe v. Travelers Indem. Co.*, 18 Wn. App. 662, 571 P.2d 226 (1977). The complaint must be liberally construed and the insurer must defend if the claim is potentially within the coverage of the policy. *R.A. Hanson Co. v. Aetna Ins. Co.*, 26 Wn. App. 290, 294-95, 612 P.2d 456 (1980). When the allegations in

the complaint are ambiguous or inadequate, or conflict with facts known to or readily ascertainable by it, the insurer must investigate to discover whether there is a potential for liability. *E-Z Loader*; *R.A. Hanson.*

The Bosleys' policy with American contains the following relevant provisions.

The coverage clause provides:

COVERAGE E
PERSONAL
LIABILITY

If a claim is made or a suit is brought against any insured for damages because of . . . property damage to which this coverage applies, we will:

. . . .

b. provide a defense . . .[.]

The definitions clause provides:

6. "property damage" means physical injury to or destruction of tangible property, including loss of use of this property.

The exclusion clause provides:

1. Coverage E — Personal Liability . . . [does] not apply to . . . property damage:
 a. which is expected or intended by the insured;

The complaint in the underlying lawsuit alleged "[a]ll acts by each defendant were done both on behalf of themselves individually and on behalf of the marital community . . .". The complaint stated three causes of action. The first two, for trespass and trover and conversion, clearly alleged intentional tortious conduct and damage; the parties agree those causes are excluded. The third cause of action was not as clear:

### III.
### ACTS

. . . [D]efendant Bruce Bosley damaged and removed, and caused to be damaged and removed three (3) railroad trestle bridges. . . . By damaging and removing said trestle bridges, defendant intended to deny the public access to Cowiche Canyon.

. . . .

### VII.
### CAUSE OF ACTION FOR VIOLATING
### THE SHORELINE MANAGEMENT ACT

. . . Defendants' damage to and removal of said bridges constituted a violation of the Shoreline Management Act because they failed to obtain the required Shoreline Substantial De-

velopment Permit and other permits, and because they failed to comply with certain other provisions of RCW Chapter 90.58. Pursuant to RCW Chapter 90.58.230, plaintiffs are entitled to commence an action against the defendants for damages.

## VIII.
## DAMAGES

The above-described acts caused substantial harm to the legally protected interests of the plaintiffs and the public. Based on the substantial historical, recreational, and economic value of said railroad trestle bridges, plaintiffs have been damaged in the amount of $150,000.

■ Initially, we note Mr. and Mrs. Bosley were each named insureds under the American policy, and coverage and exclusions are defined in terms of "the insured". As a result, American had separate contracts with each of them. An excluded act of one insured does not bar coverage for another insured who has not engaged in the excluded conduct. *Federated Am. Ins. Co. v. Strong*, 102 Wn.2d 665, 669, 689 P.2d 68 (1984); *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. 81*, 20 Wn. App. 261, 265-66, 579 P.2d 1015 (1978). However, an excluded act of one spouse done for a community benefit may bar coverage for any resulting community liability. *See Federated Am. Ins. Co.*, at 671; *deElche v. Jacobsen*, 95 Wn.2d 237, 245, 622 P.2d 835 (1980).

The Bosleys contend the cause of action for violation of the SMA, construed liberally, alleges negligent rather than intentional conduct. The contention requires a 2-step analysis, beginning with Mr. Bosley's alleged acts. The Bosleys first assert paragraph III of the complaint does not allege Mr. Bosley acted *intentionally* by damaging and removing the trestles or causing their damage and removal. They argue the property damage could conceivably have resulted from unintentional behavior on his or another's part. Thus, they argue, American had a duty to defend Mr. Bosley because of his potential separate liability and the Bosleys jointly because of their potential community liability.

The Bosleys' policy provides coverage for damages *because of property damage, unless the property damage was expected or intended* by the insured. Here, as American pointed out

after its investigation in its letter denying coverage,[1] damage was clearly expected and intended by Mr. Bosley. Paragraph III of the complaint also alleges Mr. Bosley's purpose for the damage was an intent to deny the public access to the canyon. Elsewhere in the complaint it was alleged Mr. Bosley acted for himself and for a community benefit. Potential community liability of the Bosleys and liability of Mr. Bosley separately for removal of the trestles is excluded, so American had no duty to defend. The complaint does not allege Mrs. Bosley participated in the removal of the trestles, so she would have no potential separate liability under paragraph III.

The second step in our analysis focuses on the alleged acts of both defendants. The Bosleys next assert violation by them of the SMA could have been unintentional or negligent, citing *Northwest Farm Bur. Ins. Co. v. Roberts*, 52 Wn. App. 888, 765 P.2d 328 (1988). They argue a trier of fact could find they had a duty to obtain permits and comply with other SMA regulations, negligently failed to do so, and have separate and community liability for the resulting damage. Thus, they conclude, American had a duty to defend them separately and jointly. The Bosleys' assertion is artful, but does not withstand scrutiny.

*Northwest Farm Bureau* is distinguishable. There, under the allegations of the complaint, the defendants could be found statutorily liable for neglecting to prevent wrongdoing causing property damage even if they were not part of an actual conspiracy to commit intentional acts. *Northwest Farm Bureau*, at 890. The insurer thus would have a duty to defend them for negligently failing to prevent the property damage. *Northwest Farm Bureau*, at 890-91. Here, Mr. Bosley admitted he instigated removal of the trestles.

---

[1] American's letter denying the Bosleys' tender of defense stated:

"It seems clear that, by instructing Lyle Evans to remove the three trestles on the Clark property, Bruce Bosley intended 'property damage' as defined in the policy. Given the intentional nature of the alleged conduct giving rise to this suit, as set forth in the complaint, the American Motorists Homeowner's policy provides no coverage to the Bosleys in this instance. Accordingly, American Motorists has no duty to defend the Bosleys and your tender must be denied."

The property damage itself was intentional, done for a community benefit. Thus, as previously determined, American had no duty to defend them.

However, paragraph VII of the complaint alleges both of the Bosleys violated the SMA. Therefore, we must decide whether Mrs. Bosley could have unintentionally or negligently violated the SMA without causing the underlying property damage which was expected or intended. We conclude she could not do so.

■ The SMA is an act regulating use and development of the state's shorelines. Under the SMA, no substantial development may be undertaken on shorelines of the state without first obtaining a permit. RCW 90.58.140. Before there is a substantial development for which a permit is required, there must first be a development.[2] *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 812, 828 P.2d 549 (1992). One does not unintentionally undertake a development, as that term is used in the SMA. The civil penalty and damages for which violators may be liable under the SMA necessarily result from property damage which is expected or intended. *See* RCW 90.58.210, .220, .230. Due to the wording of the policy, the proper focus is on the property damage. That removal of the trestles may have occurred without permits and therefore may have violated the SMA[3] does not make conduct resulting in their removal any less intentional. The allegations in the complaint, even

---

[2]"Development" is defined for purposes of the SMA as: "a use consisting of the construction or exterior alteration of structures; dredging; drilling; dumping; filling; removal of any sand, gravel, or minerals; bulkheading; driving of piling; placing of obstructions; or any project of a permanent or temporary nature which interferes with the normal public use of the surface of the waters overlying lands subject to this chapter at any state of water level". RCW 90.58-.030(3)(d).

[3]We note the Supreme Court ruled in the underlying action as a matter of law the removal of the railroad trestles was not a "development" under the SMA; therefore, no violation of the statute occurred. *Cowiche Canyon Conservancy*, at 812-17. Because removal is not a development, there was no duty to obtain permits. Therefore, there could be no liability for failing to obtain permits. Without potential liability within the coverage of the policy, there is no duty to defend.

if proved, could not impose separate liability upon Mrs. Bosley within the coverage of the American policy; therefore, American had no duty to defend her.

The decision of the Superior Court regarding American's duty to defend the Bosleys and Bruce Bosley separately is affirmed. The decision regarding American's duty to defend Laurie Bosley separately is reversed and the order awarding her attorney fees is vacated. The Bosleys are not entitled to attorney fees on appeal.

MUNSON and THOMPSON, JJ., concur.

Review denied at 120 Wn.2d 1030 (1993).