**DAVID, a.k.a. Daoud, et al.; Daoud Investments, Inc., Appellee and Cross–Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant and Cross–Appellee.**

[Cite as *David v. Nationwide Mut. Ins. Co.* (1995), 106 Ohio App.3d 298.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–940697, C–940729.

Decided Sept. 29, 1995.

*John E. Rockel* and *Theodore J. Froncek,* for appellee and cross-appellant.

*McCaslin, Imbus & McCaslin, Douglas E. King* and *Peter J. Miller,* for appellant and cross-appellee.

PAINTER. Judge.

## I. Facts

Daoud Investments, Inc. ("DII"), an Ohio corporation, was a partner in an Ohio partnership that owned and operated a Gold Star Chili restaurant at the Beechmont Mall in 1991. Between March 25, 1991, and May 8, 1991, Jami Comello worked at DII's Gold Star restaurant, as did Shirko Miro. Miro made "repugnant" sexual remarks to Comello, on one occasion grabbed her breast, and on one occasion exposed his penis to her. Comello denied any physical injury as a result of the incidents. Comello's suit against DII was tried separately. At that trial, Comello testified that she suffered emotional distress and received counseling from a psychologist.

In this declaratory judgment action, DII sought to have Nationwide Mutual Insurance Company ("Nationwide") pay for DII's defense and for any judgment entered as a result of Miro's conduct, pursuant to a commercial general liability policy issued to DII and Mwafag Gammoh Partnership, d.b.a. Gold Star Chili. Nationwide refused to defend DII or to pay any judgment under the policy.

Judgment was awarded to Comello for her harassment claim. Fahad S. David, a.k.a. Daoud, and Gold Star Chili were dismissed in the underlying action and are not part of this appeal. In the declaratory judgment action, the trial court held that Nationwide had a duty to defend DII, but no obligation to pay the judgment entered against it. Nationwide appealed and DII cross-appealed.

## II. Assignments of Error

In its sole assignment of error, Nationwide argues that the trial court erred in declaring that Nationwide owed a defense to DII in the *Comello* action. In its first assignment of error on cross-appeal, DII asserts that the trial court erred in ruling that Nationwide owed no defense or coverage to DII under the "personal injury" claim provisions. In its second assignment of error, DII asserts that the

trial court erred in holding that Nationwide had no duty to pay the judgment entered in the *Comello* action.

### III. Whether Nationwide Owed a Defense to DII in *Comello*

In *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, the Ohio Supreme Court held that an insurer owes a duty to defend an insured any time the allegations in an action against the insured fall "arguably" within the coverage of the insurance policy in question. Therefore, to sustain Nationwide's assignment of error and to hold that Nationwide did not owe a defense to DII in the *Comello* action, we must be convinced that her allegations do not even arguably fall under the Nationwide policy.

Nationwide makes four arguments that it did not owe a defense to DII in the *Comello* action: (1) that Comello suffered no "bodily injury" and therefore her claims are not covered by the policy, (2) that Comello's action did not stem from an "occurrence" and therefore her claims are not covered by the policy, (3) that because Comello's injuries arose out of her employment at Gold Star Chili, policy exclusion provisions preclude Comello's claims, and (4) that Comello's claims are not "personal injury" claims and, therefore, are not covered by the policy. If Nationwide prevails on any one of these issues, then there is no coverage. We hold that Nationwide prevails on all four.

 Comello stated at trial that she sustained emotional distress, but not physical injuries. Section V of the policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Therefore, we must determine whether the policy definition of "bodily injury" arguably covers emotional distress.

DII contends that emotional distress arguably falls under Nationwide's definition of "bodily injury" because either emotional distress is included in the definition, or the modifier "bodily" does not apply to "sickness" or "disease."

The Ohio Supreme Court has held that "bodily injury" usually indicates an injury brought on by external violence. *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716. A number of Ohio appellate courts have interpreted this holding to exclude emotional distress from insurance policy claims for "bodily injury" where the definition in the policy is "bodily injury, sickness or disease." *Vance v. Sang Chong, Inc.* (Nov. 9, 1990), Lake App. No. 88–L–13–188, unreported, 1990 WL 174121; *Bowman v. Holcomb* (1992), 83 Ohio App.3d 216, 614 N.E.2d 838; *Reichard v. Nationwide Mut. Fire Ins. Co.* (Dec. 10, 1992), Montgomery App. No. 91–755, unreported, 1992 WL 361829; *Heinze v. Liberty Mut. Ins. Co.* (June 7, 1993), Butler App. No. CA92–10–205, unreported, 1993 WL 192909. See, also, *State Farm Fire & Cas. Co. v. Hiermer* (S.D.Ohio 1988), 720 F.Supp. 1310. The view expressed by these cases follows the national judicial

trend conclusively excluding emotional distress from the insurance definition "bodily injury, sickness or disease."[1]

In our view, whether the word "bodily" modifies "sickness" or "disease" is irrelevant. Neither sickness nor disease arguably includes emotional distress. *Bowman, supra; Reichard, supra.* We are persuaded by these cases that emotional distress, in the absence of some physical harm, does not even arguably constitute a "bodily injury" as contemplated by this insurance definition.

■ Even if it is assumed that the definition of "bodily injury" in the policy arguably would cover emotional distress, Nationwide argues that Comello's action did not stem from an "occurrence" and therefore her claims are not covered by the policy. Section V of the policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions." Therefore, we must determine whether the policy definition of "occurrence" arguably covers Miro's actions and DII's inaction.

Comello alleged that DII acted negligently, and therefore "accidentally." However, in *Randolf v. Grange Mut. Cas. Co.* (1979), 57 Ohio St.2d 25, 11 O.O.3d 110, 385 N.E.2d 1305, the Supreme Court of Ohio held that an intentional act by the agent of an insured was not an "accident" within the terms of the insurance policy for purposes of liability coverage. The court determined that the nature of whether an act was accidental or whether an act was intentional must be taken from the agent/actor's viewpoint, and not from the principal's viewpoint. *Id.* at 26, 11 O.O.3d at 112, 385 N.E.2d at 1307. See *Rothman v. Metro. Cas. Ins. Co.* (1938), 134 Ohio St. 241, 12 O.O. 50, 16 N.E.2d 417. Therefore, we must look to whether Miro acted accidentally, not whether DII acted accidentally in allowing Miro's acts to occur. Clearly, Miro acted intentionally when exposing himself, grabbing Comello and uttering vulgarities. Therefore, his acts are not even arguably contemplated by the policy definition of "occurrence."

■ Even if it is assumed, *arguendo*, that the definition of "bodily injury" in the policy arguably covers emotional distress and Comello's action did stem from an "occurrence," Nationwide argues that the policy exclusion provisions preclude

---

1. See, *e.g., Allstate Ins. Co. v. Diamant* (1988), 401 Mass. 654, 518 N.E.2d 1154; *Daley v. United Serv. Auto. Assn.* (1988), 312 Md. 550, 541 A.2d 632; *New Hampshire Ins. Co. v. Bisson* (1982), 122 N.H. 747, 449 A.2d 1226; *W. Am. Ins. Co. v. Bank of Isle of Wight* (E.D.Va.1987), 673 F.Supp. 760; *Mut. Serv. Cas. Ins. Co. v. Co-op Supply, Inc.* (D.Mont.1988), 699 F.Supp. 1438; *Rolette Cty. v. W. Cas. & Sur. Co.* (D.N.D.1978), 452 F.Supp. 125; *Northwest Farm Bur. Ins. Co. v. Roberts* (1988), 52 Wash.App. 888, 765 P.2d 328; *LeFevre v. Westberry* (Ala.1991), 590 So.2d 154; *Lyon v. Hartford Acc. & Indemn. Co.* (1971), 25 Utah 2d 311, 480 P.2d 739. But, see, *Lavanant v. Gen. Acc. Ins. Co.* (1990), 164 A.D.2d 73, 561 N.Y.S.2d 164.

Comello's claims because Comello's injuries arose out of her employment at Gold Star Chili.

Under Section I, paragraph 2, the policy states:

"This insurance does not apply to: * * * e. 'Bodily injury' to: (1) An employee of the insured arising out of and in the course of employment by the insured * * *. This exclusion applies whether the insured may be liable as an employer or in any other capacity * * *."

We must decide whether the exclusion arguably does not apply to Comello's injuries. If emotional distress is a bodily injury, the insurance does not apply to bodily injury to an employee of the insured arising out of and in the course of employment by the insured. The trial court evaluated Miro's conduct and determined that *his conduct* did not arise out of the course of his employment with DII. No artful twisting of the exclusion provision can make the words "bodily injury to an employee of the insured" mean Miro's conduct. See, *e.g., Natl. Ben Franklin Ins. Co. v. Harris* (1987), 161 Mich.App. 86, 409 N.W.2d 733.

█ When read as written, the exclusion unambiguously states that the insurance does not apply to *Comello's emotional distress* (*i.e.,* "bodily injury to an employee of the insured") arising out of and in the course of employment by DII. Comello's emotional distress clearly arose out of and in the course of her employment with DII. Therefore, the exclusion applies directly and unambiguously to exclude Comello's injuries from coverage under the policy.

Fourth, if each of Nationwide's first three issues were to fail, Nationwide asserts that Comello's claims are not "personal injury" claims and, therefore, are not covered by Coverage B of the policy. Under Coverage B, the policy covers "personal injury caused by an offense arising out of [DII's] business, excluding advertising, publishing, broadcasting, or telecasting done by or for [DII]." Section V defines "personal injury" as "injury other than bodily injury arising out of one of the following offenses: * * * e. *oral or written publication* of material that violates a person's right to privacy." (Emphasis added.)

DII asserts that Miro's conduct constituted an invasion of Comello's privacy, citing *Housh v. Peth* (1956), 165 Ohio St. 35, 59 O.O. 60, 133 N.E.2d 340, paragraph two of the syllabus, in which the Ohio Supreme Court held that the tort of invasion of privacy includes "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." However, to be covered *under this policy,* the right to privacy must be violated by "oral or written publication." While there is some controversy over the extent of the "publicity" requirement in the invasion-of-privacy tort, this case does not present any problem because Miro's vulgar comments to Comello do not even arguably fall within any

definition of either "publication" or "publicity" of private facts. *Greenwood v. Taft, Stettinius & Hollister* (1995), 105 Ohio App.3d 295, 663 N.E.2d 1030, discretionary appeal denied (1996), 75 Ohio St.3d 1204, 662 N.E.2d 22. Comello had no expectation of privacy in Miro's comments to her. See *State ex rel. Beacon Journal Publishing Co. v. Akron* (1994), 70 Ohio St.3d 605, 640 N.E.2d 164. Therefore, we conclude that there was no "personal injury" even arguably covered under the policy.

■ We hold that Comello did not arguably allege a "bodily injury" as defined in the policy, that Comello did not arguably allege an "occurrence" as defined in the policy, that Comello was unarguably excluded by the employee exclusion, and that Comello did not arguably allege a "personal injury" as defined in the policy. Any one of these grounds would excuse Nationwide from the assumption of DII's defense. Therefore, Nationwide's assignment of error is well taken, and the trial court's judgment holding Nationwide responsible for DII's defense costs and expenses must be reversed.

## IV. Issues on Cross–Appeal

On cross-appeal, DII raises the issues whether Nationwide owed coverage or a defense to DII under the personal injury provisions of the insurance policy and whether Nationwide owed a duty to pay the *Comello* judgment. The trial court held that Nationwide did not owe DII coverage under the personal injury provisions in "Coverage B." We agree for the reasons stated above. Therefore, we overrule the first assignment of error on cross-appeal. The trial court held that Nationwide did not have to pay the judgment entered against DII. For the reasons stated above, we agree. Nationwide did not even owe a duty to defend DII under the policy. Therefore, we overrule the second assignment of error on cross-appeal as well.

## V. Conclusions

For the reasons stated above, the part of the trial court's judgment holding Nationwide liable for DII's defense costs and expenses is reversed in appeal No. C–940697, and the cause is remanded for the entry of judgment in Nationwide's favor in accordance with the terms of this opinion. The trial court's judgment is affirmed as cross-appealed in appeal No. C–940729.

*Judgment accordingly.*

GORMAN, P.J., and MARIANNA BROWN BETTMAN, J., concur.