BOWMAN, A minor, et al., Appellants,

v.

HOLCOMB, Admr., et al., Appellees.

[Cite as *Bowman v. Holcomb* (1992), 83 Ohio App.3d 216.]

Court of Appeals of Ohio,
Butler County.

No. CA92–05–088.

Decided Nov. 16, 1992.

*Michael T. Gmoser,* for appellants.

*Freund, Freeze & Arnold, Gordon D. Arnold* and *Thomas B. Bruns,* for appellees.

JONES, Presiding Judge.

Plaintiffs-appellants, Lisa and Michael Bowman ("the Bowmans"), appeal a declaratory judgment issued by the Butler County Court of Common Pleas on April 23, 1992 in favor of intervenor-appellee, Auto–Owners Insurance Company ("Auto–Owners").

The parties stipulated the following facts: On September 8, 1988,[1] the Bowmans' daughter, Angela R. Bowman, a minor, sustained bodily injury in an automobile accident. The accident occurred when Ruth M. Davis struck the Bowmans' car with the car that she was driving. Angela was exiting the Bowmans' car at the moment of impact and became pinned underneath one of its wheels. Mrs. Bowman, the driver, and Mr. Bowman, a bystander, witnessed Angela become trapped beneath the car. Mr. Bowman assisted in lifting the car off his daughter.

At the time of the accident, Davis was covered by an automobile liability insurance policy issued by Auto–Owners. The policy provided liability coverage of $50,000 "each person" and $100,000 "each occurrence." Davis subsequently died of unrelated causes, so the Bowmans brought the present action against John F. Holcomb, the administrator of Davis' estate. The complaint seeks damages for Angela's physical injuries and for the negligent infliction of emotional distress suffered by the Bowmans in witnessing the accident.

After the Bowmans filed suit, the parties entered a contingent settlement agreement. Pursuant to this agreement, Auto–Owners paid the Bowmans $50,-000, taking the position that the $50,000 "each person" policy limitation applies. In consideration of the $50,000 payment, the Bowmans agreed to release all claims they may have as a result of the accident if it is adjudicated that $50,000 is the coverage limit. If it is resolved that $100,000 is the policy limit, the Bowmans agreed to waive all claims against the Davis estate in excess of $100,000.

Auto–Owners then intervened in the Bowmans' personal injury suit requesting a declaratory judgment that (1) all of the claims set forth in the Bowmans' complaint arise out of bodily injury to one person; (2) Auto–Owners' maximum liability under the policy issued to Davis for all claims is $50,000; and (3) such limitation of coverage is valid. The trial court ruled that the Bowmans' claims arose from bodily injuries sustained by one person, Angela Bowman; that the maximum liability coverage in Davis' policy is $50,000; and that the policy's limitation of coverage is valid.

Davis' Auto–Owners policy states in pertinent part as follows:

"I.   COVERAGES

"A.   BODILY INJURY LIABILITY.

---

1.   Although the parties stipulated that the accident occurred on October 3, 1989, this must be a typographical error. The complaint states the accident date was September 8, 1988. Also, the parties stipulated that the Auto–Owners policy provides coverage. The declarations page, however, indicates that the policy term was July 1, 1988 to January 1, 1989. Therefore, the September 1988 date must apply to coincide with the policy term.

"B.   PROPERTY DAMAGE LIABILITY.   To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of

"A.   bodily injury or

"B.   property damage

" * * *

## "CONDITIONS

"1.   * * * [T]he Company's liability shall be limited as provided in Condition 2.

"2.   Limits of Liability.   The limit of liability expressed in the Declarations with respect to Coverages A and D as applicable to 'each person' is the limit of the Company's liability for all damages, including damages for expenses, care and loss of services, *arising out of bodily injury to one person in any one occurrence;* the limit of such liability expressed in the Declarations as applicable to 'each occurrence' is, subject to the above provisions respecting such person, the total limit of the Company's liability for all damages, including damages for expenses, care and loss of services, arising out of bodily injury to one or more persons in any one occurrence."   (Emphasis added.)

As indicated above, the policy's declarations page provides limitations of $50,000 "each person" and $100,000 "each occurrence."   In addition, the policy defines "bodily injury" as "bodily injury, sickness or disease, including death at any time resulting therefrom."

On appeal, the Bowmans argue that because of their emotional distress, they suffered bodily injury in the accident.   As a result, the Bowmans claim that the $50,000 "each person" provision allows an *additional* $50,000 of coverage, up to the $100,000 "each occurrence" limit.   We disagree.

This court is of the opinion that, in the context of liability insurance, the term "bodily injury" contemplates only *physical* injury.   Our view is consistent with the definitions of the terms comprising the policy's definition of "bodily injury." For example, Black's Law Dictionary defines "bodily," "bodily injury," "sickness," and "disease" as follows:

"**Bodily.**   Pertaining to or concerning the body;  of or belonging to the body or the physical constitution;  not mental but corporeal."

"**Bodily Injury.**   Generally refers only to injury to the body, or to sickness or disease contracted by the injured as a result of injury."

"**Sickness.** Illness; disease. An ailment of such a character as to affect the general soundness and health; not a mere temporary indisposition, which does not tend to undermine and weaken the constitution."

"**Disease.** Deviation from the healthy or normal condition of any of the functions or tissues of the body. An alteration in the state of the body or of some of its organs, interrupting or disturbing the performance of the vital functions, and causing or threatening pain and weakness. Illness; sickness, disorder, malady; bodily infirmity." Black's Law Dictionary (5 Ed.Rev.1979) 159, 1238, 420.

Also, the Ohio Supreme Court has stated that the term "bodily injury" usually indicates an injury brought on by external violence. *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716. The Lake County Court of Appeals, in concluding that emotional distress is not a "bodily injury" for purposes of automobile liability insurance, took a similar approach. See *Vance v. Sang Chong, Inc.* (Nov. 9, 1990), Lake App. No. 88–L–13–188, unreported, 1990 WL 174121. In addition, Ohio courts have held that non-physical, consortium-type "injuries" are not "bodily injuries." See *Tomlinson* and *Muniz v. Erie Ins. Group* (Sept. 4, 1990), Stark App. No. CA–8075, unreported, 1990 WL 127947. Furthermore, other jurisdictions have limited the term "bodily injury" to physical injury when an insurance policy definition identical to that in the present case was at issue. See, *e.g., Mut. Serv. Cas. Ins. Co. v. Co-op Supply, Inc.* (D.Mont. 1988), 699 F.Supp. 1438; *Rolette City v. W. Cas. & Sur. Co.* (D.N.D.1978), 452 F.Supp. 125; *W. Am. Ins. Co. v. Bank of Isle of Wight* (E.D.Va.1987), 673 F.Supp. 760; *St. Paul Fire & Marine Ins. Co. v. Campbell Cty. School Dist. No. 1* (D.Wyo.1985), 612 F.Supp. 285; *Daley v. United Serv. Auto Assn.* (1988), 312 Md. 550, 541 A.2d 632; *Allstate Ins. Co. v. Diamant* (1988), 401 Mass. 654, 518 N.E.2d 1154; *New Hampshire Ins. Co. v. Bisson* (1982), 122 N.H. 747, 449 A.2d 1226; *Northwest Farm Bur. Ins. Co. v. Roberts* (1988), 52 Wash.App. 888, 765 P.2d 328.

Nevertheless, appellants rely on *Giancarli v. Nationwide Mut. Ins. Co.* (1982), 5 Ohio App.3d 68, 5 OBR 165, 449 N.E.2d 517, to support their argument that the word "sickness," as used in the policy's "bodily injury" definition, is ambiguous. In *Giancarli*, the court determined that the word "sickness" was ambiguous as used in the family major-medical policy at issue in the case. The issue in *Giancarli* was whether the policy phrase "any one sickness" included the metastasis of the insured's first cancerous tumor to another part of his body.

We find that appellants' reliance on *Giancarli* is misplaced. The *Giancarli* court focused on which physical conditions amount to "sickness," not on whether mental distress is a "sickness." In addition, *Giancarli* involved medical insurance, not automobile liability insurance where the insured and insurer contemplate coverage for the typical injuries, *i.e.,* physical injuries, sustained in an

automobile accident. The *Giancarli* court also stated that it examined the word "sickness" *as used in the policy at issue in the case. Giancarli,* 5 Ohio App.3d at 69, 5 OBR at 166, 449 N.E.2d at 518. For these reasons, we conclude that the *Giancarli* holding is limited to its facts and is therefore unpersuasive.

Based on the commonly accepted definitions of "bodily injury," "sickness" and "disease," the judicial trend to exclude non-physical harms such as emotional distress from the term "bodily injury" and the coverage anticipated by the parties in an automobile liability policy, we hold that the Bowmans' claim for negligent infliction of emotional distress is not a separate "bodily injury" under the Auto–Owners policy. To find otherwise would subject insurance companies to a flood of separate claims for the mental suffering which commonly occurs when a family member, friend or relative is injured in an automobile accident.

Because we find that the Bowmans' emotional distress claims are not "bodily injuries," Angela Bowman is the only individual who sustained "bodily injury" in the accident for purposes of the Auto–Owners policy. Therefore, *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83, is controlling.

In *Burris,* an automobile liability policy with an "each person" coverage limit was also at issue. Like the Bowmans, the appellant in *Burris* argued that the higher "each occurrence" coverage amount should apply to cover her emotional distress. Also, in *Burris,* as in this case, only one person suffered physical injuries in the accident. The *Burris* court held that "the number of persons sustaining bodily injury as a result of the accident controls the amount of coverage provided by the policy. Thus, the number of persons sustaining consequential damages is irrelevant for the purpose of determining the amount of coverage available." *Burris* at 91, 545 N.E.2d at 90.

As we indicated above, only Angela Bowman sustained "bodily injury" as a result of the accident. Relying on *Burris,* this single "bodily injury" limits the required coverage to the "each person" amount specified in the Auto–Owners policy. Accordingly, the trial court correctly limited Auto–Owners' obligation to $50,000. Appellants' sole assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.