DICKENS, Appellant,

v.

GENERAL ACCIDENT INSURANCE, Appellee.

[Cite as *Dickens v. Gen. Acc. Ins.* (1997), 119 Ohio App.3d 551.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 71126 and 71423.

Decided May 5, 1997.

*Joseph R. Compoli, Jr.* and *James R. Goodluck,* for appellant.

*Glowacki & Associates, James L. Glowacki* and *Christopher R. Claflin,* for appellee.

---

DYKE, Judge.

Appellant prevailed in her wrongful-discharge suit against Metropolitan Cablevision, wherein she claimed that her employer's conduct caused her to suffer nausea, stomach pains, headaches, anxiety, mental torment, body pain, and other adverse health effects. Appellant filed this declaratory action against Metropolitan Cablevision's insurance carrier, appellee General Accident Insurance, to determine whether appellant's insurance coverage extends to the bodily injury she suffered. If the insurance policy covered her bodily injury, appellant could recover the $20,000 judgment against Metropolitan Cable from appellee.

Appellee filed a motion for summary judgment, which was granted by the trial court. Appellant filed this timely appeal from the granting of appellee's motion

for summary judgment, asserting one assignment of error. Appellant filed a separate appeal from the trial court's denial of her motion for sanctions against appellee's attorney. The appeal from the summary judgment and the appeal from the denial of sanctions are consolidated for our review.

I

"The lower court erred in granting summary judgment in favor of the defendant-appellee."

Appellant argues that her declaratory judgment action should have been granted, ruling that appellee is liable for the judgment under the insurance policy provided to Metropolitan Cable. Appellant's argument is not well taken.

Appellee and Metropolitan Cablevision entered into an agreement whereby appellee would provide coverage to pay for any sums Metropolitan Cablevision became legally obligated to pay as damages because of "bodily injury." The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person." The trial court found that appellant's claimed physical injuries stemmed from emotional distress, not from any external accident or occurrence. We agree with the trial court that Ohio law does not extend insurance coverage to injuries stemming from emotional distress where "bodily injury" is the term interpreted by the courts in the policy provisions.

The trial court relied upon two cases, one of which is binding precedent upon this court. The Ohio Supreme Court determined that an automobile liability policy which provided coverage for bodily injury did not extend coverage under that provision to a spouse under a loss-of-consortium claim. The Ohio Supreme Court held:

" 'The words "bodily injury" are commonly and ordinarily used to designate an injury caused by external violence * * *.' *Burns v. Employers' Liability Assurance Corp. Ltd.* (1938), 134 Ohio St. 222, 233, 12 O.O. 18, 23, 16 N.E.2d 316, 321." *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 14, 540 N.E.2d 716, 719.

While the present cause of action can be distinguished from a loss-of-consortium claim, where no physical symptoms are claimed, *Tomlinson* is instructive for the purpose of interpreting the common meaning of "bodily injury." The Hamilton County Court of Appeals followed the interpretation of "bodily injury" set forth by the Ohio Supreme Court when it held:

"Based on the commonly accepted definitions of 'bodily injury,' 'sickness' and 'disease,' the judicial trend to exclude non-physical harms such as emotional distress from the term 'bodily injury' and the coverage anticipated by the parties in an automobile liability policy, we hold that the Bowmans' claim for negligent infliction of emotional distress is not a separate 'bodily injury' under the Auto-

Owners policy." *Bowman v. Holcomb* (1992), 83 Ohio App.3d 216, 220, 614 N.E.2d 838, 841.

We find *Bowman v. Holcomb* to be persuasive authority for our decision in the present case. The provision in the policy issued by appellee to Metropolitan Cablevision where coverage is offered for bodily injuries does not cover the type of physical symptoms stemming from the emotional distress caused by a wrongful discharge. Appellee is not liable for the payment of the $20,000 judgment against its insured.

Appellant's first assignment of error is overruled.

## II

"The lower court erred in overruling plaintiff-appellant's motions for frivolous conduct sanctions."

Appellant argues that her motions presented triable issues pursuant to R.C. 2323.51 and should have been ruled on subsequent to a hearing before the trial court. Appellant's argument is not well taken.

Appellant's motions claimed that appellee's counsel were asserting defenses that were not warranted under existing law. Appellant was particularly troubled by appellee's assertion that an exclusionary clause existed in the policy to preclude liability for payment on appellant's judgment. The provision cited by appellant had been deleted and replaced by an addendum to the policy, providing different exclusionary language, which was, as applied to appellant, essentially the same as the deleted language.

We cannot find that the trial court abused its discretion in failing to hold a hearing as to these motions for sanctions. A motion for attorney fees under R.C. 2323.51 can be denied without a hearing when the trial court finds no basis for imposing sanctions. *Pisani v. Pisani* (1995), 101 Ohio App.3d 83, 654 N.E.2d 1355; *Sheridan v. Harbison* (1995), 101 Ohio App.3d 206, 655 N.E.2d 256. We find no abuse of discretion in the trial court's determination that a basis for imposing sanctions did not exist where appellee cited an irrelevant portion of the policy for support of an argument that could have been supported just as well by the relevant provision.

Appellant filed a motion for sanctions against appellee's appellate counsel with this court, arguing the same point as was argued in appellant's motions filed with the trial court. We do not find merit in appellant's motion for sanctions. Although appellee's counsel is obviously not reading the policy thoroughly, a basis for the defense exists elsewhere in the policy. We do not find frivolous conduct in asserting the defense itself.

Appellant's second assignment of error is overruled. The trial court's denial of appellant's motion for sanctions is affirmed. Appellant's motion for sanctions filed on appeal is denied. The trial court's decision to grant appellee's motion for summary judgment is affirmed.

*Judgment affirmed.*

DAVID T. MATIA, P.J., and PRYATEL, J., concur.