**ALLSTATE INSURANCE COMPANY,**
**Plaintiff,**

v.

**Mary A. CLOHESSY and Liam Clohessy,**
**a minor, Defendants.**

**No. 97–1806–CIV–T–17A.**

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 10, 1998.

George A. Vaka, John D. Russell, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Allstate Insurance Company.

Bill Wagner, Wagner, Vaughan & McLaughlin, Tampa, FL, Robert I. Reardon, Jr., The Reardon Law Firm, P.C., New London, CT, for Mary A. Clohessy, Liam Clohessy, through John Patrick Clohessy.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions, memoranda, and responses:

1. Plaintiff's motion for summary judgment and supporting memorandum of law (Docket Nos. 34–35), filed October 1, 1998,

2. Defendant's motion for summary judgment and response to Plaintiff's motion for summary judgment and supporting memorandum of law (Docket Nos. 38–99), filed October 19, 1998, and

3. Plaintiff's response to Defendant's motion for summary judgment (Docket No. 43), filed October 29, 1998.

## BACKGROUND

The material facts of this case are undisputed. In September 1992, John Patrick Clohessy, the husband of defendant Mary Clohessy and father of defendant Liam Clohessy [Defendants], obtained automobile insurance [the Clohessy Policy] from Allstate Insurance Company [Plaintiff] in Florida. Defendants were covered under the Clohessy Policy's uninsured motorist coverage.

In March 1993, Brendan Clohessy, Mary's son and Liam's brother, was struck by an automobile driven by Kenneth L. Bachelor while Brendan was preparing to cross the street. Defendants were next to Brendan Clohessy at the time. Although both Defendants witnessed the accident, neither suffered any direct physical harm. Brendan Clohessy died as a result of the injuries sustained in the accident.

The Estate of Brendan Clohessy made a claim under the Clohessy Policy's uninsured motorist coverage. Shortly thereafter, Defendants made claims for uninsured motorist coverage under the Clohessy Policy as well. Defendants' claims are based on the emotional distress they suffered as a result of witnessing Brendan Clohessy's death.

The relevant portions of the Clohessy Policy state:

**Uninsured Motorist Insurance—Coverage ST** [Allstate] will pay damages for bodily injury, sickness, disease, or death which a person insured is legally entitled to recover from the owner or operator of an uninsured auto. Injury must be caused by accident and arise out or ownership, maintenance or use of an uninsured auto.

.        .        .        .        .

Limits of liability

.        .        .        .        .

(a) The coverage limit stated on the declarations page for

(1) "each person" is the maximum [Allstate] will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including the damages sustained by anyone else as a result of that bodily injury, sickness, disease, or death.

.      .      .      .      .

(2) "each accident" is the maximum [Allstate] will pay for damages arising out of bodily injury to two or more persons in any one motor vehicle accident.

The per-person limit of liability under the Clohessy Policy was $200,000.00 and the per-accident limit was $600,000.00. Plaintiff has already paid out the $200,000.00 per-person policy limit to the Estate of Brendan Clohessy.

### DISCUSSION

Plaintiff has brought the instant action pursuant to 28 U.S.C. § 2201 for a declaratory judgment, asking the Court to declare that the Clohessy Policy limits have been exhausted and Defendants are not entitled to recover anything further under the policy. Plaintiff argues that the harm to Defendants arose out of the bodily injury and death of Brendan Clohessy and that their claims are therefore subject to the $200,000.00 per-person limit of liability. Defendants contend that the their claims are independent, non-derivative claims and are, therefore, subject to the per-accident, rather than the per-person, limit of liability. Both parties have moved for summary judgment.

■ Because the Court's jurisdiction in this case is based on diversity of citizenship, this Court is bound to apply the law of the state in which it is located. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 714 (11th Cir.1985). At issue in this case is the interpretation of a contract for automobile insurance. Florida courts apply the *lex loci contractus* rule to the interpretation of automobile insurance contracts. *Sturiano v. Brooks*, 523 So.2d 1126 (Fla.1988). Because the contract was entered into in Florida, a Florida court hearing this case would apply Florida law in interpreting the policy. This Court must therefore determine how the Clohessy Policy would be interpreted under Florida law.

Courts in several states have considered whether a claim based on emotional distress suffered by a bystander upon witnessing a close relative's injury or death is subject to the per-person limit of liability, with differing results. Courts in Massachusetts, Ohio, and Wisconsin have construed policies similar to the Clohessy Policy and held that under those policies, damages for emotional distress were subject to the per-person limit of liability.[1] In contrast, courts in California, Iowa, Michigan, Montana, and New Jersey have also considered similar policies and held that emotional distress damages were not subject to the per-person limit of liability.[2]

No Florida court has considered whether the per-person limit of liability applies to an emotional distress claim. This does not, however, relieve this Court of its responsibility to decide this matter. "[F]ederal courts are required to determine and apply state law in diversity cases whether or not the state has provided any guidance for the decision; accordingly, federal courts sometimes must decide issues of state law even in the complete absence of relevant state statutes and cases." *Perkins State Bank v. Connolly*, 632 F.2d 1306, 1320 (5th Cir.1980). The Court is not left without direction in undertaking this task. "[A]bsent state cases on point, it becomes the duty of the court to arrive at the decision which reason dictates, with the faith that the state courts will arrive at the same decision." *Insurance Co. of N.*

---

**1.** *See McNeill v. Metropolitan Property & Liab. Ins. Co.*, 420 Mass. 587, 650 N.E.2d 793, 795 (Mass.1995); *Bowman v. Holcomb*, 83 Ohio App.3d 216, 614 N.E.2d 838, 841 (Ohio App. 1992); *Estate of Gocha v. Shimon*, 573 N.W.2d 218, 221 (Wis.App.1997).

**2.** *See Employers Cas. Ins. Co. v. Foust*, 29 Cal. App.3d 382, 105 Cal.Rptr. 505, 508–509 (Cal. App.1972); *Pekin Ins. Co. v. Hugh*, 501 N.W.2d 508, 511 (Iowa 1993); *Crabtree v. State Farm Ins. Co.*, 632 So.2d 736, 745 (La.1994); *Auto Club Ins. Ass'n v. Hardiman*, 228 Mich.App. 470, 579 N.W.2d 115, 118 (Mich.App.1998); *Treichel v. State Farm Mutual Auto. Ins. Co.*, 280 Mont. 443, 930 P.2d 661, 665 (Mont.1997); *Wolfe v. State Farm Ins. Co.*, 224 N.J.Super. 348, 540 A.2d 871 (N.J.Super.App.Div.1988).

*Am. v. English*, 395 F.2d 854, 859 (5th Cir. 1968).

■ Reason dictates that this Court hold that emotional distress claims are subject to the per-person limit of liability for three reasons. First, the language of the policy at issue requires that the per-person limit of liability applies to emotional distress claims, because such claims are not based on the party's own bodily injury. The consideration given to the meaning of the term "bodily injury" has in large part determined the result state courts considering the issue before this Court have reached. Each of the courts holding that bystander emotional distress damages are subject to the per-person limit of liability did so based on a determination that emotional distress is not a bodily injury. *McNeill*, 650 N.E.2d at 795; *Bowman*, 614 N.E.2d at 841; *Gocha*, 573 N.W.2d at 221. Several of the courts which held that the per-person limit of liability does not apply to a claim for emotional distress either did not consider whether emotional distress is a bodily injury, *Pekin*, 501 N.W.2d at 512; *Treichel*, 930 P.2d at 665; *Auto Club*, 579 N.W.2d at 116–17, or found the term "bodily injury" to be ambiguous, and therefore construed it against the insurance company as including emotional distress, *see Crabtree*, 632 So.2d at 743–745; *Wolfe*, 540 A.2d at 873–74. Only the *Employers Casualty* court determined that "bodily injury" clearly includes emotional distress. 105 Cal.Rptr. at 508.

The Clohessy Policy states that the per-person limit of liability applies to "damages arising out of bodily injury to one person in one motor vehicle accident, including the damages sustained by anyone else as a result of that bodily injury, sickness, disease, or death." The per-accident limit of liability is the maximum amount Allstate will pay "for damages arising out of bodily injury to two or more persons in any one motor vehicle accident." Under these provisions, the per-person limit of liability applies unless the term "bodily injury" is construed to include emotional distress.

■ As is true with regard to the larger issue faced by this court, no Florida court has determined whether emotional distress is a "bodily injury." Here again, however, the Court has some guidance in reaching a decision. Unless there are indications to the contrary, a federal court should presume that the state court would decide the case according to the prevailing rule. *Wammock v. Celotex Corp.*, 835 F.2d 818, 820 (11th Cir. 1988). In the context of insurance coverage, "the overwhelming majority of jurisdictions which have considered the issue hold that 'bodily injury' standing alone or defined in a policy as 'bodily injury [or harm], sickness, or disease' is unambiguous and encompasses only physical harm." [3] *Citizen's Ins. Co. of Am. v. Leiendecke*, 962 S.W.2d 446, 452 (Mo. App.1998).

There are no indications that Florida courts would not adopt this rule. Although no Florida court has decided the precise issue of whether emotional distress constitutes a "bodily injury," the Florida Supreme Court has noted that "bodily injury" is not synonymous with "personal injury." *Malone v. Costa*, 151 Fla. 144, 9 So.2d 275, (Fla.1942). Moreover, the majority rule is consistent with the United States Supreme Court's construction of the term "bodily injury," albeit in a different context. *See Eastern Airlines v. Floyd*, 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991). In *Eastern Airlines*, the Court considered whether recovery for mental anguish against an airline was possible under Article 17 the Warsaw Convention. *See id.* at 532–33, 111 S.Ct. 1489, 113 L.Ed.2d 569. Because the Convention limited carriers' liability to "bodily injury," the Supreme Court held that there could be no recovery for mental distress under the Convention. *See id.* at 552, 111 S.Ct. 1489.

Second, reason dictates the Court reach this result because it is consistent with the

---

**3.** *See, e.g., State Farm Fire & Cas. Co. v. Hiermer,* 720 F.Supp. 1310, 1315 (S.D.Ohio 1988); *American & Foreign Ins. Co. v. Church Schools in Diocese of Va.,* 645 F.Supp. 628, 632 (E.D.Va. 1986); *St. Paul Fire & Marine Ins. Co. v. Campbell Co. Sch. Dist. No. 1,* 612 F.Supp. 285, 287 (D.Wyo.1985) *Rolette County v. Western Cas. &*

*Sur. Co.,* 452 F.Supp. 125, 130 (D.N.D.1978); *Citizens Ins. Co. of Am. v. Leiendecke,* 962 S.W.2d 446 (Mo.App.1998); *Bowman v. Holcomb,* 83 Ohio App.3d 216, 614 N.E.2d 838, 841 (Ohio App.1992); *Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 823 (Tex.1997).

manner in which Florida courts have construed the application of per-person limits of liability to other claims. Florida courts have uniformly held that loss of consortium and wrongful death survivor actions are subject to the per-person limit of liability.[4] The reasoning these courts used in determining that loss of consortium and wrongful death claims are subject to the per-person limit of liability suggests that a Florida courts faced with the question before this Court would hold that the per-person limit of liability applies to emotional distress claims, as well. For instance, the Florida Supreme Court stated that the per-person limit of liability is "the limit of the company's liability for all damages sustained where only one person receives bodily injury—whether the damages are direct or consequential in their nature." *New Amsterdam,* 16 So.2d at 119. Likewise, the *Mackoul* court stated that per-person limits of liability "limit the total liability for all damages that can be recovered by all parties for the bodily injury of one person... The limits of liability under the policy are not affected by the number of causes of action that might accrue from the bodily injury of a single person." 402 So.2d at 1260.

Third, reason dictates this result because to hold otherwise "would subject insurance companies to a flood of separate claims for the mental suffering which commonly occurs when a family member, friend, or relative is injured in an automobile accident." *Bowman,* 614 N.E.2d at 841. A state court would not interpret the policy at issue here to provide the sort of coverage the Defendants urge, not only because that interpretation contradicts the clear language of the policy, but also because doing so would subject Florida insurance companies to a broad new class of claims they never contemplated when they entered into insurance contracts in Florida. This is particularly true in a state already beleaguered by natural disasters which have driven numerous insurance companies out of the state entirely.

This Court will assume that a Florida court considering this case would interpret the automobile insurance policy at issue according to the rule that reason dictates is correct, that is, that the per-person limit of liability apply to bystander emotional distress claims. Accordingly, it is

**ORDERED** that Allstate's motion for summary judgment (Docket No. 34) be **GRANTED** and Mary and Liam Clohessy's motion for summary judgment (Docket No. 38) be **DENIED;** and the Clerk of the Court be **DIRECTED** to enter judgment for the Plaintiff, declaring that the Defendants' insurance policy limits have been exhausted and Defendants are not entitled to recover anything further under the policy.

---

**4.** *See New Amsterdam Cas. Co. v. Hart,* 153 Fla. 840, 16 So.2d 118, 119 (Fla.1943); *Jones v. Zagrodnik,* 600 So.2d 1265 (Fla.Dist.Ct.App.1992); *Florida Ins. Guar. Ass'n v. Cope,* 405 So.2d 292, 294 (Fla.Dist.Ct.App.1981); *Mackoul v. Fidelity & Cas. Co.,* 402 So.2d 1259, 1260 (Fla.Dist.Ct. App.1981); *Biondino v. Southern Farm Bureau Cas. Ins. Co.,* 319 So.2d 152, 154 (Fla.Dist.Ct. App.1975); *Skroh v. Travelers Ins. Co.,* 227 So.2d 328 (Fla.Dist.Ct.App.1969); *Universal Underwriters v. Reynolds,* 129 So.2d 689 (Fla.App.2d Dist. 1961).