[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/07/2000
THOMAS K. KAHN
CLERK

_____

No. 99-2034

_____

D. C. Docket No. 97-01806-CV-T-17A

ALLSTATE INSURANCE COMPANY,

Plaintiff-Appellee,

versus

MARY A. CLOHESSY, et al.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 7, 2000)**

Before ANDERSON, Chief Judge, TJOFLAT, Circuit Judge, and FAY, Senior Circuit Judge.

ANDERSON, Chief Judge:

On March 22, 1993, Mary Clohessy and her sons Brendan and Liam Clohessy were walking together near their home in New Haven, Connecticut. As they were attempting to cross a street–Liam on his mother's right and Brendan on his mother's left–an automobile driven by an uninsured motorist struck and killed Brendan. Mary and Liam witnessed the accident, but were not struck by the automobile.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/07/2000
THOMAS K. KAHN
CLERK

The Clohessy family had an automobile insurance contract ("Policy") with Allstate Insurance Company ("Allstate"), which included uninsured motorist coverage. The insurance contract was formed in Florida. The Policy contained certain limits of liability; in particular, it stated:

> Uninsured Motorist Insurance – Coverage . . .
> We [Allstate] will pay damages for bodily injury, sickness, disease or death which a person insured is legally entitled to recover from the owner or operator of an uninsured auto. Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto. We will not pay any punitive or exemplary damages.
>     . . . .
> Limits of Liability
>     . . . .
> (a) The coverage limit stated on the declaration page for:
>
>> (1) "each person" is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury, sickness, disease or death.
>>
>> When the limits of two or more insured autos are stacked, our maximum limit of liability for all damages to one person in any one accident is the sum of the "each person" limit for each insured auto shown on the declarations page.
>>
>> (2) "each accident" is the maximum that we will pay for damages arising out of bodily injury to two or more persons in any one motor vehicle accident.
>>
>> When the limits of two or more insured autos are stacked, subject to the limit for "each person", our maximum limit of liability for all damages to two or more persons in any one accident is the sum of the "each accident" limit for each insured auto shown on the declarations page.

After the appropriate stacking, the Policy's "each person" coverage limit was $200,000 and "each accident" coverage limit was $600,000.

Under the Policy's uninsured motorist coverage, the Estate of Brendan Clohessy made a claim and received $200,000, the "each person" limit. Under the Policy, Mary and Liam Clohessy ("the Clohessys") also made a claim based on the emotional distress resulting from witnessing the collision and Brendan's death.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/07/2000
THOMAS K. KAHN
CLERK

Allstate brought suit against the Clohessys for declaratory judgment asking the district court to declare that the Policy's limits of liability have been exhausted and that the Clohessys are not entitled to recover anything further under the Policy. Allstate argued that the Clohessys' insurance claims, which are based on their claims against the uninsured motorist for negligent infliction of emotional distress, are subject to the $200,000 "each person" limit which was applied to and exhausted by the claim of Brendan Clohessy's estate. Applying Florida law,[1] the district court concluded that:

> [A] Florida court considering this case would interpret the automobile insurance policy at issue according to this rule that reason dictates is correct, that is, that the per-person limit of liability apply [sic] to bystander emotional distress claims.

Allstate Ins. Co. v. Clohessy, 32 F.Supp.2d 1333, 1337 (1998). Accordingly, the district court declared that the insurance policy limits have been exhausted and the Clohessys are not entitle to recover anything further under the policy. See id.

---

[1] In particular, the district court followed the command of Erie R.R. v. Tompkins, 304 U.S. 643 (1938), and applied the conflicts of law rule of the state in which it is located, in this case Florida. Applying that Florida law, the district court concluded that under Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988), the terms of an automobile insurance policy are governed by the law of the jurisdiction in which the contract was formed, again in this case Florida. See Allstate Ins. Co. v. Clohessy, 32 F.Supp.2d 1333, 1335 (M.D.Fla. 1998). We agree. Florida law "determines the rights and risks of the parties to automobile insurance policies on the issue of coverage." Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293, 295 (Fla. 1988).

The Clohessys appeal to this Court arguing that the district court incorrectly resolved the issue of whether their claims are subject to the "each person" limit which was exhausted by the pay out to the Estate of Brendan Clohessy or instead subject to their own "each person" limit. The parties have not cited nor have we uncovered any controlling Florida case on this issue. Moreover, when faced with the same issue, courts in other states have split on its proper resolution. Compare, e.g., Triechel v. State Farm Mut. Auto. Ins. Co., 930 P.2d 661 (Mont. 1997) (holding that a wife's

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/07/2000
THOMAS K. KAHN
CLERK

claim for emotional distress resulting from witnessing her husband being hit and killed by a car was not limited by the per person limit applied to her husband); Crabtree v. State Farm Ins. Co., 632 So.2d 736, 738 (La. 1994) ("[W]e conclude the wife's mental anguish claim is not subject to the single person policy limit regardless of whether her mental anguish 'results from' or 'derives from' her husband's bodily injuries."); and Pekin Ins. Co. v. Hugh, 501 N.W.2d 508 (Iowa 1993) (holding that insured's claim for bystander emotional distress was based on independent bodily injury and, therefore, subject to the per occurrence limit rather than the per person limit of the policy) with McNeill v. Metro. Property and Liability Ins. Co., 650 N.E.2d 793, 795 (Mass. 1995) ("[T]he plaintiff's emotional distress claim is a by-product of and entirely dependent upon the bodily injury to his daughter. The claims thus are subject to the 'per person' limit.")(internal quotations omitted) and Gocha v. Shimon, 573 N.W.2d 218, 219 (Wis. Ct. App. 1997) ("The unambiguous language of the 'each person' limitation in State Farm's policy consolidates the bodily injuries to one person with all injuries and damages to others which result from the one person's bodily injuries. Because the emotional stress of the Gochas would not have occurred but for the injury to Kyle, the 'each person' limitation is applicable."). Consequently, we seek the assistance of the Supreme Court of Florida in resolving this issue.

Having concluded that this case involves an unanswered question of state law that is determinative of this appeal and having found no clear, controlling precedent in the decisions of the Supreme Court of Florida, we certify the following question of law to the Supreme Court of Florida for instructions:

ARE THE EMOTIONAL DISTRESS DAMAGES SUSTAINED BY MARY AND LIAM CLOHESSY DAMAGES ARISING OUT OF THE BODILY INJURY TO BRENDAN CLOHESSY, I.E., DAMAGES SUSTAINED AS A RESULT OF THAT BODILY INJURY, AND THEREFORE SUBJECT TO THE SINGLE, ALREADY-REACHED, EACH PERSON LIMIT APPLIED TO BRENDAN CLOHESSY?

In certifying this question, we do not intend the particular phrasing of it to limit the court in its consideration of the problem posed by the case. In order to assist the court's consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the court.

**QUESTION CERTIFIED**.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
01/07/2000
THOMAS K. KAHN
CLERK