DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joanne Leiby ("Leiby") appeals from the decision of the Wayne County Court of Common Pleas granting summary judgment in favor of Appellee, the Village of West Salem, et al., ("the Village"). The Village cross-appeals from the decision of the Wayne County Court of Common Pleas denying its motion for attorney fees. This Court reverses, in part.
Leiby filed a complaint alleging that tax ordinance 98-53, passed by the Village counsel, was collected retroactively. She requested that the trial court issue a writ of mandamus or a preliminary and permanent injunction enjoining enforcement of the ordinance. During the subsequent proceedings the Village moved the trial court to award them reasonable attorney fees pursuant to R.C. 2323.51. The Village also moved for summary judgment.
The trial court granted summary judgment in favor of the Village, from which Leiby timely appealed. After the summary judgment ruling, the Village renewed its motion for attorney fees. The trial court denied the motion. The Village timely appealed. This Court consolidated the appeals. Leiby has raised two assignments of error which we will address concurrently.[1] The Village has raised one assignment of error.
 APPELLANT'S ASSIGNMENT OF ERROR I Voter repeal by initiative petition repeals all parts of the Village taxing ordinance.
 APPELLANT'S ASSIGNMENT OF ERROR II Pursuant to the ordinances no income tax payments were due unless an appropriate return is [sic.] filed.
In Leiby's two assignments of error she argues that the trial court erred in granting summary judgment in favor of the Village. She contends that the Village was not entitled to collect taxes pursuant to ordinances 97-20(D) and 98-60(B) since voters repealed the ordinances in their entirety, including the respective savings clauses, before the tax was due. We hold that the trial court erred in granting summary judgment in favor of the Village. However, we do not reach the merits of Leiby's arguments.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. An appellate court's review of a lower court's entry of summary judgment is de novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial.Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
Parties may submit evidence as outlined in Civ.R. 56(C) to support motions and responses to motions for summary judgment. Civ.R. 56(C) refers to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" In assessing a motion for summary judgment, courts are restricted to considering the types of evidence specifically enumerated by Civ.R. 56(C). See Carrabine Constr. Co. v. Chrysler Realty Corp. (1986), 25 Ohio St.3d 222, 225. Oral testimony presented at a hearing on the motion for summary judgment is not included within the terms of Civ.R. 56(C) and may not be considered by a court when deciding a motion for summary judgment. Id. at syllabus.
In July, 1998, the Village passed ordinance 97-20(D). The ordinance imposed an annual tax of of one percent on salaries, wages, commissions, and other compensation earned by residents of the village and by non-residents working within the village. The ordinance was imposed for the period of January 1, 1998 through December 31, 1998, with an effective date of January 1, 1998. This ordinance was repealed by initiative vote at the November 3, 1998, election which became final on November 23, 1998.
On November 18, 1998, the Village passed ordinance 98-53. Ordinance 98-53 was identical to the previously repealed 97-20(D), except that 98-53 was imposed for the period of November 23, 1998, through December 31, 1998. The effective date remained January 1, 1998. The tax imposed under 98-53 was to be paid on or by April 30, 1999.
The Village subsequently passed ordinance 98-60(B). Ordinance 98-60(B) was identical to the previously repealed 97-20(D), except that 98-60(B) was imposed for the period of January 1, 1999, through December 31, 1999. The effective date was January 1, 1999. The tax imposed under 98-60(B) was to be paid on or by April 30, 2000. Ordinance 98-60(B) was repealed by initiative vote at the November 2, 1999, election which became final on November 21, 1999.
On November 10, 1999, the Village passed ordinance 99-48. Ordinance 99-48 was identical to the previously repealed tax ordinances, except that 99-48 was imposed and effective for the period of November 22, 1999, through December 31, 1999. The tax imposed under 99-48 was to be paid on or by April 30, 2000. The Village has been collecting the tax continuously since January 1, 1998.
In Leiby's original complaint she argued that ordinance 98-53, which was imposed for the period of November 23, 1998, through December 31, 1998, was being collected retroactively. She pointed out that the effective date of the ordinance was January 1, 1998. Consequently, Leiby maintained that the Village was collecting the tax on wages earned prior to November 23, 1998. Leiby's sole allegation in her complaint was the retroactive application of ordinance 98-53.
Ordinance 98-53 stated, in relevant part:
 The tax shall be levied, collected and paid with respect to the salaries, wages, commissions and other compensation, and with respect to the net profits of businesses, professions or other activities earned on and after January 1, 1998.
Therefore, although the Village claims that the tax imposed by ordinance 98-53 was not collected retroactively, the plain language of the ordinance indicates otherwise.
The record includes a transcript of the hearing on the summary judgment motion, at which the attorneys for each party argued the merits of the motion. At the hearing, the attorney for the Village, who was not under oath, stated that the effective date of January 1, 1998 for ordinance 98-53 was an error that "was a result of [his] oversight in not changing the * * * effective period." Even if this statement qualified as evidence, it is not the specific evidentiary material prescribed in Civ.R. 56(C) that may be considered when deciding a motion for summary judgment. Therefore, the contradiction in the effective date clearly raises a genuine issue of material fact as to the possible retroactive application of ordinance 98-53. Considering the evidence in the light most favorable to Leiby, we cannot say that reasonable minds could come to but one conclusion. Accordingly, trial court erred in granting summary judgment in favor of the Village.
During the trial court proceedings, subsequent to her complaint, Leiby raised an alternative argument which is addressed in her assignments of error and which was ruled on by the trial court. Specifically, Leiby alleged that the Village was not entitled to collect taxes under the first ordinance, 97-20(D). She maintained that the voter initiative repealed the entire ordinance, including the applicable savings clause, before the tax was due.
The trial court granted summary judgment in favor of the Village, finding that the Village had a "vested right to the tax revenues due under * * * 97-20(D) from its effective date of January 1, 1998, through its repeal in November, 1998[,]" based on the savings clause included in the ordinance. It further found that the voter initiative that repealed ordinance 97-20(D) did not have a retroactive application, and that there were no material facts left to be decided.
When Leiby raised her alternative allegations regarding the remaining tax ordinances, she did so without requesting leave to amend her complaint. Specifically, the record indicates that Leiby raised an allegation regarding the wrongful tax collection under ordinances 97-20(D) and 98-60(B) in her "Brief in Support of Injunction" and in her "Proposed Findings of Fact and Conclusions of Law." She also raised allegations regarding ordinance 99-48 in her motion to enjoin enforcement of the same. Since none of the alternative allegations regarding the remaining ordinances were raised in the complaint nor included in the types of materials enumerated in Civ.R. 56(C), they cannot be considered by a court when deciding a motion for summary judgment.[2]
Therefore, based on the record before us, we conclude that summary judgment was improper as to the validity of 97-20(D) and the applicable savings clause. This matter was not properly before the trial court to consider when ruling on the summary judgment motion. Consequently, we do not reach the merits of Leiby's contention.
In sum, because there was a genuine issue of material fact as to the possible retroactive effect of 98-53 and because ordinances other than 98-53 were not properly before the trial court for consideration, we conclude that the trial court erred in granting summary judgment in favor of the Village.
 APPELLEE'S ASSIGNMENT OF ERROR The trial court erred in its failure to conduct a hearing as required by [R.C. 2323.51(B)(2)].
The Village's sole assignment of error on cross-appeal alleges that the trial court erred in failing to hold a hearing before it denied the Village's motion for attorney fees pursuant to R.C. 2323.51(B)(2). We disagree.
R.C. 2323.51(B)(2) provides, in part:
 An award [of reasonable attorney's fees] may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action * * *, but only after the court does all of the following:
(a) Sets a date for a hearing * * *;
(b) Gives notice of the date of the hearing * * *;
(c) Conducts the hearing[.]
In this case, the Village moved to recover attorney fees, alleging that the actions of Leiby in filing this action were frivolous and without merit. After reviewing the parties' briefs, the trial court overruled the Village's motion without holding a hearing. The trial court found that Leiby's actions "were not designed to harass or maliciously injure" the Village. Further, the trial court noted that it could not "say that the case was not warranted under existing law or supported by a good faith argument[.]"
"By its express terms [R.C. 2323.51(B)(2)] does not mandate that an evidentiary hearing shall be held whenever a motion for fees is made, but only states that an evidentiary hearing is a necessary precondition to awarding fees." Sheridan v. Harbison (1995), 101 Ohio App.3d 206,211-12. Accord, Dickens v. Gen. Acc. Ins. (1997), 119 Ohio App.3d 551,554. Accordingly, the trial court did not commit error in declining to conduct a hearing on the motion for attorney fees that it had determined to be without merit. Therefore, the Village's sole assignment of error is overruled.
We reverse the trial court's grant of summary judgment; we affirm the trial court's denial of attorney's fees; and we remand the cause for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., CARR, J., CONCUR.
[1] Leiby's brief states there are three assignments of error. However, the argument section of the brief addresses only two. Therefore, this Court will consider only the two assignments of error for which Leiby presented arguments.
[2] We note that during the motion hearing the Village raised this same procedural issue. It argued that ordinances other than 98-53 were not mentioned in the complaint and should not be addressed by the trial court. However, the procedural error was not corrected and the trial court addressed the validity of ordinance 97-20(D).