[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14772
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00414-CG-B

NEW HAMPSHIRE INSURANCE COMPANY,

Plaintiff - Appellee,

versus

GAYLE HILL, et al.,

Defendants,

JOHN A. PANKRATZ,
RODNEY I. CAMMAUF,
GARWOOD WOLFE,
JANET WOLFE,
JAMES MCNALLY,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 10, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Appellants John A. Pankratz, Rodney I. Cammauf, Garwood Wolfe, Janet Wolfe, and James McNally appeal the district court's order granting summary judgment in favor of New Hampshire Insurance Co. (New Hampshire) in this declaratory judgment action. The district court found that, according to an insurance policy, New Hampshire owed neither a duty to defend nor a duty to indemnify to Leisure Tyme RV, Inc. (Leisure Tyme), a seller of recreational vehicles (RVs) whom Appellants had sued in state court. Appellants argue on appeal that the district court erroneously applied Florida law to interpret the insurance policy in question. In addition, Appellants challenge the district court's interpretation of the policy's terms, including "bodily injury," "care, custody or control," and "loss of use." After a thorough review of the record and briefs, we affirm.

Appellants were RV owners who, between June 2008 and January 2009, contracted with Leisure Tyme to trade in their used RVs towards the purchase price of new RVs. In consideration of Appellants' promise to purchase new RVs, Leisure Tyme promised to pay the remaining loan balances Appellants owed on their trade-in RVs. Unfortunately, Leisure Tyme did not hold up its end of the bargain, and filed for bankruptcy on March 19, 2009. The bankruptcy court

2

modified the automatic bankruptcy stay to allow Appellants to collect their claims to the extent of Leisure Tyme's bond or insurance coverage.   Appellants then sued Leisure Tyme and its owner, Gayle Hill, in state court for various bodily and property injuries.  New Hampshire defended Leisure Tyme and Hill pursuant to a reservation of rights, and later brought this declaratory judgment action in federal court.

New Hampshire issued an insurance policy to Leisure Tyme effective from June 1, 2008, through June 1, 2009.  The policy was issued in Mary Esther, Florida.  The policy provides that New Hampshire would pay all the sums the insured must pay "as damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by 'accident' and resulting from 'garage operations' other than the ownership, maintenance or use of covered 'autos.'"

New Hampshire moved for summary judgment in the district court, arguing that it owed Leisure Tyme and its owner, Gayle Hill, neither a duty to defend nor a duty to indemnify under the policy.  The district court granted New Hampshire's motion, and this appeal followed.

We review an order granting summary judgment de novo.  *Perry v. Sec'y, Fla. Dep't of Corr.*, 664 F.3d 1359, 1363 (11th Cir. 2011).  We agree with the district court that Florida law governs the policy's interpretation.  Because the district court sat in Alabama, it was obliged to follow Alabama's *lex loci*

3

*contractus* doctrine, which requires that Alabama courts interpret contracts according to the law of the state in which they were made. *See O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992) ("A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." (internal quotation marks omitted)); *see also Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991) (noting that Alabama courts follows the doctrine of *lex loxi contractus*).

In Florida, courts will construe an insurance contract in accordance with its plain language. *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000). An insurer's duty to defend is determined by the complaint's allegations, and arises when the complaint alleges facts that bring the suit within the policy's coverage. *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 442–43 (Fla. 2005) (per curiam). Because the duty to indemnify is narrower than the duty to defend, the duty to indemnify cannot exist if there is no duty to defend. *See WellCare of Fla., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 16 So. 3d 904, 906 (Fla. Dist. Ct. App. 2009).

In light of Florida law, it is clear that Appellants did not suffer "bodily injuries" because their complained-of injuries—pecuniary loss and damage to credit worthiness—do not constitute physical injuries to their persons. Further, Florida's "impact rule" bars Appellants' mental anguish—and any physical manifestations of mental anguish—caused by Leisure Tyme's breach of contract.

4

*See Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007) (per curiam) (holding that in order to recover in a case without impact, the plaintiff's physical manifestations from mental anguish must occur within a short time after the traumatizing incident; and the plaintiff must see, hear, or arrive on the scene of the traumatizing incident).  In short, Appellants made no showing that they suffered "bodily injuries" within the meaning of Florida law.  Therefore, New Hampshire has neither a duty to defend nor indemnify Leisure Tyme regarding Appellants' allegations of bodily injury.

We also agree with the district court that New Hampshire does not have a duty to defend or indemnify Leisure Tyme under the policy's "property damage" provision, because Appellants' complaint seeks damages "which would include the loss of use of the trade-in RVs."  One of the policy's exclusions precludes coverage for damage to property "in the 'insured's' care, custody, or control."  Because the loss-of-use damages sought by Appellants occurred while the RVs were in the control of Leisure Tyme, the exclusion applies here.  Moreover, the policy also specifically precludes damages for loss of use caused by a "delay or failure by [Leisure Tyme] or anyone acting on [Leisure Tyme's] behalf to perform a contract or agreement in accordance with its terms."  We conclude that this exclusion also applies, because all of Appellants' damages arise from Leisure Tyme's failure to satisfy contractual obligations it owed to Appellants.

5

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**

JORDAN, Circuit Judge, concurring in part and concurring in the judgment:

I agree with the majority that the plaintiffs, who allege that they suffered mental anguish as a result of the defendants' breach of contract, have not suffered "bodily injury" as that term is defined in the policy issued by New Hampshire (i.e., "bodily injury, sickness, or disease").  But the reason is not that Florida's so-called impact rule governs, but rather that, as a matter of Florida insurance law – which controls given Alabama's choice of law rules – the term "bodily injury" does not encompass emotional distress unaccompanied by physical contact.  *See Allstate Ins. Co. v. Clohessy*, 32 F.Supp.2d 1333, 1336 (M.D. Fla. 1998) (predicting how the Florida Supreme Court would resolve the issue, based in part on the majority rule in other jurisdictions), *question certified*, 199 F.3d 1293 (11th Cir. 2000), *rev. dismissed*, 763 So.2d 1042 (Fla. 2000) (table).