JORDAN, Circuit Judge,
concurring in part and concurring in the judgment:
I agree with the majority that the plaintiffs, who allege that they suffered mental anguish as a result of the defendants’ breach of contract, have not suffered “bodily injury” as that term is defined in the policy issued by New Hampshire (i.e., “bodily injury, sickness, or disease”). But the reason is not that Florida’s so-called impact rule governs, but rather that, as a matter of Florida insurance law — which controls given Alabama’s choice of law rules — the term “bodily injury” does not encompass emotional distress unaccompanied by physical contact. See Allstate Ins. Co. v. Clohessy, 32 F.Supp.2d 1333, 1336 (M.D.Fla.1998) (predicting how the Florida Supreme Court would resolve the issue, based in part on the majority rule in other jurisdictions), question certified, 199 F.3d 1293 (11th Cir.2000), rev. dismissed, 763 So.2d 1042 (Fla.2000) (table).